Argued September 19, affirmed October 8, 1929.

## PUBLIC SERVICE COMMISSION OF OREGON v. PACIFIC STAGES, INC.

(281 Pac. 125.)

For appellant there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. Willis S. Moore,* Assistant Attorney General.

For respondent there was a brief and oral argument by *Mr. John M. Hickson.*

ROSSMAN, J.—The defendant is a motor carrier within the meaning of that term as defined by Chapter 380, Section 1, General Laws of Oregon 1925. The plaintiff contends that the defendant's motor vehicles engaged in the transportation of passengers traveled 28,121,311.31 passenger miles in the period of time mentioned in the complaint and that by virtue of General Laws of Oregon 1925, Chapter 380, Section 15, subsection 1, the defendant became indebted to the state in the sum of $21,090.98 for annual fees; that the defendant has paid on account $20,035.03, leaving a balance unpaid of $1,055.95, for which the plaintiff seeks judgment. The defendant contends that its motor vehicles operated no more than 26,713,377.98

passenger miles and that the sum of $20,035.03, which the plaintiff admits it received, constituted full payment of the fees exacted by the above section of our laws. The difference between the above computations of mileage is due to the fact that the parties disagree upon the interpretation which should be applied to subsection 1 of Section 15 of the above act; they have stipulated that the only question for our determination is whether the space occupied by the driver should be included in determining "the passenger capacity of the vehicle."

We quote thus from the title of the act:

"To provide revenue for the use, maintenance, repair and reconstruction of public highways in this state and to defray the cost of administering this act by imposing a charge upon motor vehicles for the use of such highways in the transportation of persons and property for compensation; prescribing the amount of such fees; * * "

Subsection 1 of Section 15 provides:

"Class one (1) and class two (2) motor carriers, as defined in this act, operating passenger carrying vehicles, at the rate of three-fourths of a mill per passenger mile computed by multiplying the passenger capacity of the vehicle, measured at the rate of twenty (20) lineal inches of seating capacity for one passenger as provided in chapter 371, (General) Laws of Oregon, 1921, by the number of miles traveled as ascertained and determined in the manner herein provided."

It will be observed that the above refers to Chapter 371, General Laws of Oregon for 1921. The only portion of the latter which is applicable is found in Section 25 and is as follows:

"Motor busses shall pay $2.00 for each passenger, in addition to the fees prescribed according to the

weight of the motor vehicle, at the rated passenger capacity, allowing twenty inches of seating space for each passenger.''

The act before us is applicable only to carriers for hire, and the specific portion, which the plaintiff is enforcing against the defendant, exacts fees from ''motor carriers * * operating passenger carrying vehicles.'' Thus the word ''passenger,'' which is the term we are called upon to define, is found in this act in association with words that denote public conveyances operating for hire only.

From *Unwin* v. *Hanson*, L. R. (1891) 2 Q. B. 115, we quote:

''If the act is one passed with reference to a particular trade, business, or transaction, and words are used which everybody conversant with that trade, business or transaction, knows and understands to have a particular meaning in it, then the words are to be construed as having that particular meaning, though it may differ from the common or ordinary meaning of the words.''

In the act before us the word ''passenger'' is used in an enactment passed with reference to public carriers for hire. When thus used its meaning is well understood; it includes the traveler who pays for his transportation and excludes the operator of the conveyance. In fact the term ''passenger mile,'' also found in this section of the act, has been used so frequently that its definition may be found in the dictionaries; Webster's New International Dictionary thus defines it: ''A unit of measurement of the passenger transportation performed by a railroad during a given period, usually a year, the total of which consists of the sum of miles traversed by all the passengers on the road in the period in question.''

■ It seems to us that the portion of the act before us conveys its meaning in such a clear and unmistakable manner that there is presented no occasion for re-. sorting to the rules of statutory construction. The plaintiff has called to our attention the history of this act, it has cited its antecedents, and argues that when these matters are borne in mind, as well as the purpose of and reason for this act we must conclude that the word "passenger" includes the operator of the conveyance. However, subsection 1 of Section 15 is not ambiguous and the words it employs are not uncertain of meaning. When the language of a statute is plain and unambiguous, its meaning clear and unmistakable, and when a literal interpretation of the words leads to no unjust or absurd consequence, a court is not permitted to search for its meaning beyond the statute itself: *State* v. *Young*, 74 Or. 399 (145 Pac. 647), *Deetz* v. *Cobbs & Mitchell Co.*, 120 Or. 600 (253 Pac. 542), and 25 R. C. L., Statutes, §§ 213 and 214.

■ It will be observed that subsection 1, Section 15, employs the word "passenger" four times, and refrains from the use of any language which would indicate a purpose to include the operator as a passenger. It will also be observed that the lawmaker could have readily found some word to use in lieu of "passenger" if he had intended to include the operator in the calculation of the seating capacity. The very fact that the act consistently employs the words "passenger capacity" and "passenger" and never "capacity," "occupant," or similar terms of more inclusive meaning, is highly persuasive that the legislature was endeavoring to make the well-understood distinction between the hired operator, who pays no fare, and a traveler who parts with a consideration for the privi-

lege of riding. Wherever the word "passenger" has been used in a similar situation it has generally been assigned the foregoing meaning: 5 Words & Phrases, 3d Series, p. 865. If a reading of Section 15 could leave a doubt as to the legislative purpose, the title of the act, which we have previously quoted, would readily dispel it. It is our conclusion that in the calculation of the passenger miles covered by the conveyance, the space occupied by the operator is not to be considered; it is no part of the car's passenger capacity.

The judgment of the Circuit Court in favor of the defendant will be affirmed.  AFFIRMED.