# BUMBLE BEE SEAFOODS, INC. *v.* STATE
## TAX COMMISSION

Garthe Brown, Robert Chidester and Randall S. Jones, Portland, argued the cause for plaintiff and filed a brief.

Gerald F. Bartz, Assistant Attorney General, Salem, argued the cause and submitted a brief for defendant.

Decision for defendant rendered January 21, 1966.

EDWARD H. HOWELL, Judge.

Pursuant to ORS 317.070(2) (b) plaintiff claimed a personal property tax offset against its corporate excise tax. Defendant disallowed the offset.

Plaintiff was incorporated on May 24, 1961, and on May 31, 1961, exchanged all of its stock for all of the assets and liabilities of Columbia River Packers Association (hereinafter referred to as CRPA). On the same day, immediately subsequent to the exchange between plaintiff and CRPA, the shareholders in the latter corporation exchanged all of their stock for stock in Castle & Cooke, Inc., a Hawaiian corporation, resulting in CRPA being merged into Castle & Cooke, Inc. The business operated by plaintiff was the same as that conducted by CRPA except for minor, inconsequential changes.

On January 1, 1961, personal property taxes were assessed on CRPA inventory and these taxes were paid by plaintiff on November 15, 1961. Plaintiff claimed the personal property tax offset under ORS 317.070(2) (a) (b) which reads as follows:

"(a) Each corporation subject to subsection (1) of this section which is primarily engaged in manufacturing, processing or assembling materials into finished products for purposes of sale is entitled to an offset aganst the tax imposed by subsection (1) of this section.

"(b) The offset shall equal either (A) the *amount assessed to and actually paid by it* upon its properly classified tangible personal property located in this state and allocable to its personal property comprising the materials, goods in process and finished goods produced and held for sale described in the preceding paragraph or (B) one-third of its excise tax payable under this chapter, whichever is the lesser." (Emphasis supplied.)

Tax Commission Reg 317.070(2) (b) concerning the personal property tax offset states in part:

"In order to qualify for the offset, the corporation must show that it was the legal owner of the personal property and that the taxes were assessed to any (sic) paid by it. *The offset will be disallowed where the legal entity assessed and the legal entity paying the taxes are different,* or where either of these is different from the legal entity claiming the offset." (Emphasis supplied.)

■ The tax, assessed on the personal property of CRPA as of January 1, 1961, became a lien as of that date. ORS 311.405.

The defendant contends that as the tax was assessed against personal property of CRPA and paid by plaintiff, the plaintiff cannot offset the amount paid because the statute and the defendant commission's regulation require the tax be assesed to and paid by the same corporation. The plaintiff contends the words "assessed to and actually paid by it" refer to the same business enterprise.

■■■ The issue is one of first impression because the personal property tax offset is peculiar to Oregon law. The statute ORS 317.070(2) (a) grants the offset to the qualifying "corporation." The offset is based upon the amount assessed to and actually paid by "it." The latter word refers to the corporation against whose property the tax was assessed. The commission's regulation requires that the legal entity assessed and the legal entity paying the taxes be the same or the offset will be disallowed. The regulation is not controlling but it is highly persuasive. *Keyes v. Chambers, et al,* 209 Or 640, 661, 307 P2d 498 (1957). Here CRPA was the legal entity on January 1, 1961. Plaintiff, who paid the tax, was not incorporated until approximately

five months later. While the business conducted by plaintiff was the same as that conducted by CRPA, the tax was assessed against one legal entity and paid by another legal entity.

Under the facts in this case the plaintiff cannot claim the offset and the order of the tax commission must be affirmed.