Argued December 7, affirmed December 28, 1966, petition
for rehearing denied January 9, 1967

## BUMBLE BEE SEAFOODS, INC. *v.* STATE TAX COMMISSION

421 P. 2d 974

*Randall S. Jones,* Portland, argued the cause for appellant. With him on the briefs were Garthe Brown and James R. Carskadon, Jr., Portland.

*Gerald F. Bartz,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Redding, Justices.

O'CONNELL, J.

Plaintiff appeals from a decree of the Oregon Tax Court, 2 OTC 355 (1966), sustaining the tax commission's disallowance of the personal property offset claimed by plaintiff against its liability for Oregon corporate excise tax. On January 1, 1961, Oregon personal property taxes were assessed against Columbia River Packers Association, an Oregon corporation, on its inventory. The tax became a lien as of that date. ORS 311.405.

Plaintiff was incorporated in Oregon on May 24, 1961. On May 31, 1961, plaintiff exchanged 20,000 shares of its stock for the assets and liabilities of Columbia River Packers Association. The exchange did not result in a merger. The assets which plaintiff received in the exchange were subject to the lien of the personal property taxes. Plaintiff paid the personal property taxes and claimed an offset under ORS 317.070 (2), which provides for an offset of certain personal property taxes against the corporate excise tax.

ORS 317.070 (2) (b) provides in part that "The offset shall be * * * the amount of taxes assessed to it [the corporation] * * * and actually paid by it * * *." After the exchange between Columbia River Packers Association and plaintiff, the stockhold-

ers of the former exchanged all of their stock for stock in Castle & Cooke, Inc., as a result of which Columbia merged into Castle & Cooke, Inc. After acquiring Columbia's assets and liabilities, plaintiff conducted substantially the same kind of business as Columbia had conducted prior to the exchange.

It will be noted that the statute describes the offset in terms of "the amount assessed to and actually paid by" the qualifying corporation. The personal property tax was not assessed to plaintiff. Therefore, if the statute is strictly construed, plaintiff would not be entitled to the offset. The tax commission so construes the statute. Tax Commission Regulation 317.070 (2) (b) provides in part, as follows:

> "In order to qualify for the offset the corporation must show that it was the legal owner of the personal property and that the taxes were assessed to and paid by it. The offset will be disallowed where the legal entity assessed and the legal entity paying the taxes are different, or where either of these is different from the legal entity claiming the offset."

■ The tax court accepted the tax commission's construction of the statute, relying upon *Keyes v. Chambers et al,* 209 Or 640, 661, 307 P2d 498 (1957) where it was said that "although * * * [the] rules promulgated by the Tax Commission * * * are not controlling, their contemporaneous construction of an act is, nevertheless, highly persuasive, especially where such rules have been in effect for a long term of time as a basis for determining technical and involved matters."

■ ORS 317.070 (2) (b) has been applied by the tax commission strictly in accordance with the language of the statute for a period of more than 35 years.

The commission's construction of the statute is not unreasonable, and it is our opinion that it should stand until the legislature sees fit to extend the offset so as to permit the assessed corporation to transfer the off-set to its assignee.

The decree of the tax court is affirmed.