## AMERICAN PORTABLE IRRIGATION
## CO. *v.* COMMISSION

Joe B. Richards, Luvaas, Cobb, Richards & Frazer, Eugene, Oregon, represented the plaintiff.

Carl N. Byers, Assistant Attorney General, Salem, Oregon, represented the defendant.

Decision for plaintiff rendered January 29, 1969.

Edward H. Howell, Judge.

The defendant disallowed a personal property tax offset against corporate excise taxes claimed by plaintiff in 1964 under the provisions of ORS 317.070(2) and plaintiff appealed.

The defendant demurred to plaintiff's complaint on the ground that it did not state a cause of suit.

The complaint alleges that Irrigation Equipment Company, Inc. was an Oregon corporation and wholly-owned by the plaintiff, a Delaware corporation. On September 25, 1964, a certificate of merger was issued by the Oregon Corporation Commissioner whereby Irrigation Equipment Company, Inc. was merged into plaintiff. In November, 1964, plaintiff, as the surviving corporation, paid the personal property taxes which had been assessed against Irrigation Equipment Company, Inc. and claimed the amount paid as an offset against its 1964 corporate excise taxes, which claim was disallowed by the defendant commission.

■ ORS 317.070(2)(a) provides that personal property taxes paid by certain corporations may be claimed as an offset against the corporation's excise tax. Subparagraph (b) of that section provides in part that the personal property tax offset shall be "the amount of taxes *assessed to it* [the corporation] * * * and *actually paid by it* * * *." (Emphasis supplied.)

The commission has adopted Reg 317.070(2) which states in part:

"* * * In order to qualify for the offset, the corporation must show that it was the legal owner of the personal property and that the taxes were assessed to and paid by it. *The offset will be disallowed where the legal entity assessed and the legal entity paying the taxes are different,* or where either of these is different from the legal entity claiming the offset." (Emphasis supplied.)

The commission disallowed the claim for the offset for the reason that the plaintiff, who paid the taxes, and Irrigation Equipment Company, Inc., against whom the taxes were assessed, were not the same entity.

The plaintiff contends that the statutory merger of Irrigation Equipment Company, Inc. with the plaintiff resulted in the two entities becoming in effect the same entity. Consequently the taxes were assessed to and paid by "it" as required by ORS 317.070(2)(b). The plaintiff also contends that ORS 57.480 of the general corporation laws gives the plaintiff the right to claim the offset.[①] Subsections (4) and (5) of that statute state:

> "(4) Such surviving or new corporation shall thereupon and thereafter possess all the rights, privileges, immunities and franchises, as well of a public as of a private nature, of each of the merging or consolidating corporations; * * *
>
> "(5) Such surviving or new corporation shall thenceforth be responsible and liable for all the liabilities and obligations of each of the corporations so merged or consolidated; and any claim existing or action or proceeding pending by or against any of such corporations may be prosecuted as if such merger or consolidation had not taken place, or such surviving or new corporation may be substituted in its place. Neither the rights of creditors nor any liens upon the property of any such corporation shall be impaired by such merger or consolidation."

The commission contends that plaintiff's right to claim the offset has been foreclosed by the decision of this court and the Oregon Supreme Court in *Bumble*

---

[①] ORS 57.480 applies to the merger of domestic corporations. However, ORS 57.485 provides generally that the effect of a merger of a foreign corporation with a domestic corporation shall be the same as in the case of a merger of domestic corporations.

*Bee Seafoods v. Tax Com.,* 245 Or 442, 421 P2d 974 (1966); *affirming* 2 OTR 347 (1966). The *Bumble Bee* decision is not applicable. In that case Bumble Bee Corporation exchanged 20,000 shares of its stock for the assets and liabilities of Columbia River Packers Association. After the exchange the stockholders of Columbia River Packers exchanged all of their stock for stock in Castle and Cooke, Inc. After acquiring the assets of Columbia River Packers Association, Bumble Bee conducted substantially the same business as Columbia River Packers had conducted prior to the exchange. The Oregon Supreme Court held that the personal property taxes which had been assessed against Columbia River Packers Association and paid by Bumble Bee could not be deducted as a personal property tax offset by Bumble Bee because the taxes were not assessed to and paid by the same corporation. However, the Supreme Court was careful to point out that the exchange between Bumble Bee and Columbia River Packers Association did not result in a merger.

■■ The distinction between the two cases is that a statutory merger occurred here and did not in *Bumble Bee.*[2] Moreover, the applicability of ORS

---

[2] The commission recognized the distinction in *Bumble Bee* and indicated that if there had been a merger of Bumble Bee and Columbia River Packers Association the offset would have been allowed. At the trial in *Bumble Bee* counsel for the commission stated:

"* * * It has been established, I think, by the admissions in the pleadings that at this point when Bumble Bee Seafoods purchased the assets of Columbia River Packers by exchanging stock for them, it was not a merger of Columbia River Packers and Bumble Bee Seafoods because, as the complaint and answer show, the Columbia River Packers were subsequently merged in Castle and Cooke, which is a third corporation. *If there had of been a merger and the resulting corporation would have been the same corporation, in effect, we wouldn't have this case before the Court.* This is a simple case of the

57.480, *supra,* was not involved nor raised in *Bumble Bee.* ORS 57.480(4) and (5) clearly give the surviving corporation all the rights, privileges, immunities and franchises of the merged corporation and also make the surviving corporation responsible for all the liabilities and obligations of the merged corporation. This statute is not in conflict with ORS 317.070 which merely states that the offset is the amount of taxes assessed to and paid by the corporation. The defendant argues that ORS 317.070 requires the corporation that pays the tax to be the same legal entity against whom the taxes were assessed. It does not. It is the defendant's Reg 317.070(2)(b) which enlarges on the statute and requires the corporation who pays the tax to be the same legal entity against whom the taxes were assessed.

■ In a case such as this involving a statutory merger the general corporation law, ORS 57.480, giving the surviving corporation all the rights and privileges of the merged corporation and subjecting it to all the liabilities and obligations of the merged corporation is controlling over the commission's regulation. Otherwise the regulation would defeat the clear intent of the statute. It would result in the surviving corporation being obligated to pay the personal property taxes although they were assessed to another corporation, and being denied the offset because they were assessed to another corporation.

Prior to the decision in *Bumble Bee* the tax commission had taken the position that a statutory merger under the general corporation law, ORS 57.480, en-

---

purchase of the assets of one corporation by exchange of its stocks by another corporation. It's a different taxable entity under the statute. I think the statute is clear and unambiguous." (Emphasis supplied.)

titled the surviving corporation to all the rights and privileges of the merged corporation, including the right to claim the personal property tax offset. Opinion and Order No. I-60-53.

The decision in *Bumble Bee* cannot be used to deny the offset in this case. *Bumble Bee* did not involve a statutory merger under ORS 57.480 and the commission's regulation cannot be used to abrogate the express terms of ORS 57.480.

The order of the tax commission is set aside.