OREGON PORTLAND CEMENT CO. *v.*
DEPARTMENT OF REVENUE

Maurice O. Georges, Miller, Anderson, Nash, Yerke & Wiener, Portland, represented plaintiff.

Ira W. Jones, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered October 20, 1971.

LOREN D. HICKS, Judge pro tempore.

These three cases, which were consolidated for trial and decision, concern the definition of "inventory" as used in the 1965 Inventory Tax Relief Act, Or L 1965, ch 604, § 1, codified as ORS 310.605 to 310.625. ORS 310.605 (2) provides:

"For purposes of ORS 310.605 to 310.625, 'inventory' means all livestock and all items of tangible personal property described as materials, supplies, containers, goods in process, finished goods and other personal property owned by or in possession of the taxpayer, that are or will become,

part of the stock in trade of the taxpayer held for sale in the ordinary course of his business."①

The plaintiff is engaged in the business of manufacturing and selling cement. It maintains at its plants in Oregon an inventory of stores and spare parts consisting of fuel, tools, spare parts for machinery and vehicles, brick for lining the kilns, steel grinding balls, belting, cable, lubricants, tires, office forms and other supplies used in manufacturing cement. In its personal property tax returns for the years 1967-68 and 1968-69 plaintiff listed all of its stores and spare parts as inventory entitled to relief under the 1965 Act. The Baker and Clackamas County Assessors rejected the claim and the Department of Revenue affirmed their actions on the theory that such stores and spare parts do not become a physical part of the stock in trade and therefore do not merit inventory tax relief.

The plaintiff contends that the 1965 Act is not limited to inventory that physically becomes a part of the finished product, but applies also to supplies that will become a part of the finished product in a "commercial or accounting sense." Plaintiff argues, for example, that fuel burned to furnish necessary heat to the product during the process of manufacture, kiln bricks and steel grinding balls that are consumed in the manufacturing process with their residue going into the product because there is no economical way to exclude it, as well as spare parts for plant equipment, machinery and vehicles are costs of manufacturing and thus "a part" of the product in a commercial or accounting sense.

---

① Repealed by Or L 1969, ch 612, §§ 1 and 2 and reenacted in almost identical language in § 5 of the same act and codified as ORS 310.608 (3).

It is the court's opinion that the act does not grant any exemption to items that will not become an essential physical ingredient of the finished product. The separate definition of "inventory" in the act shows that the legislature did not intend to grant relief to all personal property that might be classified as inventories but only to inventories of the taxpayer's stock in trade, including the disassembled parts and raw materials thereof. Supplies of fuels, machinery spare parts, conveyor belts, tools and other such items employed in the manufacturing process are not included. The legislature was not talking about manufacturing, accounting or costs, but about merchandise held for sale. There is a significant difference between being a part of the product and being part of the process and cost of producing the product. Had the legislature intended to include in the relief all property that would be used, consumed or applied to the production of the stock in trade, it would have said so. To hold that it did say so would be to alter the statute.

Plaintiff stresses the inclusion of "supplies" in the definition in ORS 310.605 (2), arguing that the term usually refers to items that do not enter directly into the product. The words "materials, supplies, containers, goods in process, finished goods and other personal property," are not the critical words of the statute, however. The controlling phrase is "part of the stock in trade." Plaintiff's stock in trade is portland cement which is made from clay, lime, iron ore, gypsum and other materials that are burned together in a kiln and pulverized into a powder to be packaged and sold. Supplies claimed by plaintiff such as steel grinding balls and kiln brick are not essential ingredients of portland cement, even though they are necessarily employed in its manufacture and even

though their residue cannot be economically separated from the finished product. For all practical purposes they are consumed. Spare parts when put to use become a part of the machinery, not the product; and fuel oil, tools and office supplies are never a part of the product even though their cost might be chargeable to the product in good accounting practice. For example, plaintiff listed as a spare part a spare truck engine. Such an engine certainly is not a part of plaintiff's stock in trade.

In its argument that the legislature intended a commercial or accounting meaning to the exemption, plaintiff relies heavily upon *Francisco Sugar Co. v. Commissioner*, 47 F2d 555 (2d Cir 1931), 2 USTC 2575, 9 AFTR 938, which concerned a tax deduction for reduced value of the taxpayer's inventory of various paraphernalia necessary to conduct its large sugar manufacturing business in Cuba. Items involved included materials and supplies for the repair, maintenance and operation of its plant machinery. The items were necessary to the production of sugar but were not physically incorporated into the product. The Board of Tax Appeals had denied the deduction on the ground that the supplies were not within the tax regulation describing items to be inventoried. The pertinent part of the regulation provided:

> "Inventories at the beginning and ending of each year are necessary in every case in which the production, purchase or sale of merchandise is an income-producing factor. The inventory should include raw materials and supplies on hand that have been acquired for sale, *consumption, or use in the productive processes* together with all finished or partly finished goods." 1918 Rev Act, § 203, Art 1581. (Emphasis added.)

The Court of Appeals reversed, holding that the Board had taken:

"* * * too narrow a view of the phrase, 'consumption or use in the productive processes.' Oil needed to keep machinery going, bolts without which it will not go, fabricated parts which must be restored, pumps to keep out water, wiring for dynamos and generators, all these seem to us to be consumed and used in production, though they do not physically become a part of the finished product. * * *"

The decision is not applicable to the statute and case at hand because the provision in question there specifically included all materials and supplies acquired for "consumption or use in the productive process." ORS 310.605 (2) contains no such language. The Oregon legislature was not dealing subjectively with the process of producing the merchandise, but objectively with the merchandise itself.

Plaintiff also relies on certain regulations of the State Tax Commission, particularly subparagraph 2c of R307.020 (3),[2] which was in effect in 1965 and

---

[2] R307.020 (3):

"Property classified as personal property includes:
"* * * * *

"2. 'Merchandise and stock in trade,' commonly referred to as 'inventories,' include the following categories:
"* * * * *

"c. Supplies are auxiliary commodities which do not enter directly into finished products but which are necessary to operation and production. Office supplies, packing and shipping supplies and indirect factory materials are common types. Manufacturing supplies used are normally costed to the finished product through manufacturing expense; and the amount on hand shown on the financial statements as inventories. Other supplies on hand such as office supplies which are normally charged to selling or general expense may not be shown as inventories but nevertheless constitute assessable personal property.
"* * * * *."

earlier, and published instructions for the annual personal property tax reporting forms.[9] The purpose of R307.020 (3) 2c is to explain that supplies which do not enter directly into the finished product whether or not shown on financial statements as inventories are personal property subject to taxation. The regulation is not applicable to the statute here in question, and, of course, its definition of "supplies" is not binding on the legislature. If the cited instructions for the personal property return form were given plaintiff's interpretation they would be in conflict with the statute. In any event, although interpretive regulations and instructions of the responsible administrative agency are persuasive, they are not controlling. *Bumble Bee Seafood v. Tax Com.*, 245 Or 442, 421 P2d 974 (1966).

■ It is a general rule of law that when the language of a statute is plain and unambiguous, its meaning clear and unmistakable, and when a literal interpretation of the words leads to no unjust or absurd consequence, a court is not permitted to search for its meaning beyond the statute itself. *State ex rel Appling v. Chase*, 224 Or 112, 355 P2d 631 (1960); *Public Service Com. v. Pacific Stages, Inc.*, 130 Or 572, 281 P 125

---

[9] "Instructions for Completing 1971 Personal Property Tax Forms:

"\* \* \* \* \*

"4. Deductions.

"ORS 310.608 for the purpose of inventory tax exemption defines inventory as all items of tangible personal property described as materials, supplies, containers, goods in process, finished goods and other personal property owned by or in possession of the taxpayer, that are or will become, part of the stock in trade of the taxpayer held for sale in the ordinary course of his business. Therefore deduct the value of such items which are not to be expended in the production of finished goods or not to be sold to customers as non-inventory supplies and transfer to schedule 7 Miscellaneous.

"\* \* \* \* \*."

(1929). The language of ORS 310.605 (2) is unambiguous. Under the plain, simple and ordinary meaning of the words used, tax relief is granted only for inventory that is or will be a physical part of the taxpayer's stock in trade. This means the product and its package and any tangible personal property acquired for the purpose of being physically incorporated into the product as an inherent ingredient thereof. Plaintiff's stores and spare parts inventory does not meet that criterion.

The order of the Department of Revenue is affirmed.