Argued and submitted April 23,
reversed and remanded August 4, 1980

BAIRD,
*Appellant,*

*v.*

ELECTRO MART FACTORY
DIRECT, INC.,
*Defendant,*

THE MAGNOVOX COMPANY,
*Respondent.*

(No. A7903-01323, CA 14868)

615 P2d 335

William N. Mehlhaf, Portland, argued the cause and filed the brief for appellant.

Michael J. Gentry, Portland, argued the cause for

respondent The Magnavox Company. With him on the brief was Tooze, Kerr, Marshall & Shenker, Portland.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

**RICHARDSON, P.J.**

Plaintiff, in this product liability action, appeals a judgment for defendants. Defendants demurred to the complaint on the ground that the action was not commenced within the time limitation of ORS 30.905. The court sustained the demurrer without leave for plaintiff to replead and granted judgment for defendants.

The applicable statute provides:

"(1)  Notwithstanding ORS 12.115 or 12.140 and except as provided in subsection (2) of this section, a product liability civil action shall be commenced not later than eight years after the date on which the product was first purchased for use or consumption.

"(2)  A product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."

This statute became effective on January 1, 1978, 1977 Or Laws, ch 843, § 3.

Plaintiff's complaint alleged the following sequence of events. Plaintiff's home was damaged by a fire on January 1, 1978, when her television set exploded. The television set, manufactured by defendant Magnovox, had been purchased from defendant Electro Mart on March 7, 1970. Plaintiff filed her complaint on March 19, 1979. The injury occurred within eight years of the date the television set was purchased. The complaint was filed within two years of the date of the injury but more than eight years after the date of purchase.

Understandably, the parties offer different interpretations of the statute. Defendants argue the statute requires that an action be commenced within two years of the injury but in no event more than eight years from the date the product was first purchased for use or consumption. They contend this interpretation

[567]

is derived from the plain, unambiguous language of the statute; i.e., that the "action shall be commenced not later than eight years after the date on which the product was first purchased."

On the other hand, plaintiff argues the statute means that if the injury occurs within eight years of the first purchase of the product, the injured party is not barred from commencing an action as long as it is commenced within two years of the injury. This interpretation is derived, plaintiff argues, from the specific exception to the eight-year limitation contained in subsection (2). The only way to read the wording of the statute, plaintiff contends, is to apply the exception as written. Thus, it is argued, the eight-year period is specifically conditioned upon the right of plaintiff to bring a cause of action within two years of the injury. To construe the statute otherwise, plaintiff contends, would bring a harsh and unjust result. Plaintiff points to her own circumstances to illustrate that point. The injury to her residence occurred less than three months prior to eight years from the date of purchase. If the construction of the statute adopted by the trial court is correct, she would have had less than three months within which to file her complaint. Plaintiff argues that we should construe the statute consistent with the obvious legislative policy to provide an ultimate repose of ten years, i.e., eight years plus two years to bring the cause of action, comparable to the ten-year statute of repose reflected in ORS 12.115.

The legislative history of the statute here at issue, ORS 30.905, is based in part on the Supreme Court's decision in *Johnson v. Star Machinery Co.,* 270 Or 694, 530 P2d 53 (1974). That case involved a wrongful death action brought in a product liability framework. A plywood sanding machine, manufactured by defendant, ejected a piece of wood which hit and killed decedent. The machine had been purchased by decedent's employer in 1959. The fatal accident

occurred in 1970 and the complaint was filed in 1973. The court held the claim was barred by the limitation period of ORS 12.115:

> "(1) In no event shall any action for *negligent injury* to person or property of another be commenced more than 10 years from the date of the act or omission complained of.
>
> "* * * * *." (Emphasis added.)

The court held that whether the omission complained of was the negligent manufacture of the product or the sale of the defective product, the ten-year period had run at the time plaintiff filed the cause of action. The court also held that product liability actions were included in the statute despite the fact that they were not actions based on negligent injury.

In response to that decision, the legislature enacted ORS 30.905, 1977 Or Laws, Ch 843, § 3. The legislative vehicle for enactment of this statute was House Bill 3039 of the 1977 legislative session. The House Committee on Judiciary, in reviewing that bill, discussed two primary concerns with the limitation period in response to the decision in *Johnson v. Star Machinery Co., supra.* Minutes, House Committee on Judiciary, May 11, 1977; May 16, 1977. The first was in determining an event which would start the running of the limitation period. As seen in ORS 30.905, it was determined that the period would run from the first purchase of the product for use or consumption.

The second concern was the period of ultimate repose for product liability actions. The early language of House Bill 3039 provided for a period of ten years. Several members of the committee expressed a concern that the ten-year period of repose would be extended to as much as twelve years if the two-year tort limitation period were added. Certain committee members apparently felt that if a person sustained injury within the ten-year period that person could bring the requisite action beyond the ten-year period as long as it was commenced within two years of the

[569]

injury. The committee determined, as a policy matter, that it wished to limit the manufacturer's exposure to a ten-year period. After extensive discussion the committee adopted the following motion:

"THE QUESTION WAS CALLED ON REP. RUTHERFORD'S MOTION TO REDUCE THE PERIOD OF ULTIMATE REPOSE TO 8 YEARS FROM THE DATE OF FIRST PURCHASE FOR USE OR CONSUMPTION AND TO PROVIDE A 2 YEAR LIMITATION FOR OCCURRENCE OR LIABILITY THAT OCCURRED IN THE 8 YEAR PERIOD." Minutes, House Committee on Judiciary, May 16, 1977.

It is clear that the committee intended that if an injury occurred within the eight-year period the injured party would have two years from the date of the injury to commence the action. Assuming the full legislature embraced the policy decision of the committee, the wording of ORS 30.905 does not express that policy. The words of the statute read the action shall be *commenced* no later than eight years from the date the product was purchased. An action is commenced by the filing of a complaint. The exception set forth in subsection (2) appears to require that within that eight-year period the action must be commenced within two years of the injury.

Oregon appellate courts have on occasion disregarded the literal language of a statute and construed the statute consistent with perceived legislative intent in situations where a literal reading would bring about an absurd or unreasonable result. *E.g., Johnson v. Star Machinery Co., supra; State v. Irving,* 268 Or 204, 520 P2d 354 (1974); *Peters et al. v. McKay et al.,* 195 Or 412, 238 P2d 225, 246 P2d 585 (1951); *Allen v. Multnomah County,* 179 Or 548, 173 P2d 475 (1946); *Fox v. Galloway,* 174 Or 339, 148 P2d 922 (1944); *Public Service Com. v. Pacific Stages, Inc.,* 130 Or 572, 281 P 125 (1929); *Othus v. Kozer,* 119 Or 101, 248 P 146 (1926).

In *Johnson v. Star Machinery Co., supra,* the court discussed this principle of statutory construction in determining if ORS 12.115 applied to product liability actions. That statute imposes a ten-year period of ultimate repose for actions for negligent injury. The court held that, despite the fact that the literal language of the statute restricted its time period to negligence actions, product liability actions were included in the terms of the statute. The court reasoned that the same policy considerations that support a ten-year limitation on tort actions in negligence applied to tort actions derived from the manufacture or sale of products. The paramount policy behind statutes of ultimate repose was identified by the court as a need to halt tort actions after a period of time because the evidence to support or contest liability becomes unavailable or unreliable.

Because there were no relevant distinguishing features between the two theories of recovery, it would be unreasonable to apply the ultimate repose statute to negligence actions but not to product liability cases. The court determined that the statute should be interpreted and applied consistent with the legislative policy even though to do so would be at variance with the literal meaning of the words used.

The court, in explaining the principle of statutory interpretation, said:

"In this context it would not be an unreasonable extention of the often quoted statement '* * * a thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers * * *,' *Holy Trinity Church v. United States,* 143 US 457, 459, 12 S Ct 511, 36 L Ed 226 (1892), to state its corollary which would be that a thing may not be within the letter of the statute and yet be within the intention of its makers. As stated earlier, it is the legislative intent which controls. When such intent is manifest the courts must give it effect, even though to do so does violation to the literal meaning of its words. * * *" 270 Or at 706.

■■ It is clear from the discussions of House Bill 3039, which became ORS 30.905, what the legislative objective was. The legislature wanted to enact a ten-year period of ultimate repose for product liability actions comparable to the period set out in ORS 12.115. The committee discussions indicate this objective was to be accomplished by providing that if an injury occurred within eight years of the date the product was first purchased, the injured party had an additional two-year period following the injury to bring the action. That two-year period was characterized as a "grace period" by the committee. Because that legislative intent is manifest we must give effect to that intention "even though to do so does violation to the literal meaning of its words." *Johnson v. Star Machinery Co., supra.* As the Supreme Court stated in *Johnson,* the rationale behind a statute of repose for negligence actions is the same for ultimate repose of product liability action. To construe ORS 30.905 as imposing an eight-year limitation would not be consistent with this rationale or the expressed legislative intent. Accordingly, we hold that ORS 30.905 allows commencement of an action for injury based on product liability within two years of the injury complained of if the injury occurred within eight years of the first purchase of the product for use or consumption. It was error to sustain defendants' demurrer.

Reversed and remanded.