Argued and submitted September 2, 1986, Court of Appeals reversed and decision of
trial court affirmed April 21, petition for reconsideration granted by opinion
May 27, 1987
See 303 Or 452, 736 P2d 1023 (1987)

**ERICKSON AIR-CRANE COMPANY,**
*Petitioner on Review,*

*v.*

**UNITED TECHNOLOGIES CORPORATION,**
*Respondent on Review,*

**UNITED TECHNOLOGIES CORPORATION,**
*Appellant,*

*v.*

**SILVER GRIZZLY TIMBER COMPANY, LTD.,**
*Respondent..*

(TC A8305-03355; CA A34839; SC S33021)

735 P2d 614

Arden E. Shenker, of Tooze, Marshall, Shenker, Holloway & Duden, Portland, and Thomas J. Whalen, of Condon & Forsyth, New York, argued the cause for Petitioner on Review. With Arden E. Shenker on the petition was Stephen J. Fearon, of Condon & Forsyth, New York.

Jonathan M. Hoffman, of Martin, Bischoff, Templeton, Biggs & Ericsson, Portland, argued the cause for Respondent on Review. With him on the response were Joan L. Volpert and Stephanie L. Striffler, of Martin, Bischoff, Templeton, Biggs & Ericsson, Portland.

E. Richard Bodyfelt, Robert K. Stroup and Peter R. Chamberlain, of Bodyfelt, Mount, Stroup & Chamberlain, Portland, filed a brief *amicus curiae* on behalf of Oregon Association of Defense Counsel.

Arthur C. Johnson and Mike Ellickson, of Johnson, Quinn, Clifton & Larson, P.C., Eugene, filed a brief *amicus curiae* on behalf of Oregon Trial Lawyers Association.

Before Lent, Presiding Justice, and Linde, Campbell, Carson, Jones and Gillette, Justices.

GILLETTE, J.

## GILLETTE, J.

This is a negligence action resulting from a 1981 accident allegedly caused by a manufacturer's advice given in 1977 involving a product purchased in 1971. The issue is whether this action is governed (and, consequently, barred) by the eight-year limitation period provided by ORS 30.905(1) for product liability civil actions or, instead, is governed by the ten-year statute of ultimate repose for negligence actions, ORS 12.115, and is, therefore, timely filed.[1] We hold that ORS 12.115 is the statute applicable to the facts of this case.

Plaintiff Erickson Air-Crane Co. brought this action alleging that defendant United Technologies Corp. (defendant) was negligent in instructing plaintiff as to the useful safe life of a helicopter compressor disk. Plaintiff purchased a helicopter from defendant, the manufacturer, in 1971. The helicopter crashed on June 5, 1981, while being operated by plaintiff's lessee, Silver Grizzly Timber Co., Ltd. One person was killed in the accident and another was injured. The helicopter was destroyed. Plaintiff commenced this action in May,

---

[1] ORS 12.110(1) provides:

"An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years * * *."

ORS 12.115(1) provides:

"In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of."

ORS 30.905(1) and (2) provide:

"(1) Notwithstanding ORS 12.115 or 12.140 and except as provided in subsections (2) and (3) of this section, a product liability civil action shall be commenced not later than eight years after the date on which the product was first purchased for use or consumption.

"(2) Except as provided in subsection (3) of this section [not applicable here], a product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."

A "product liability civil action" as used in ORS 30.905, as defined in ORS 30.900, means:

"a civil action brought against a manufacturer, distributor, seller or lessor of a product for damages for personal injury, death or property damage arising out of:

"(1) Any design, inspection, testing, manufacturing or other defect in a product;

"(2) Any failure to warn regarding a product; or

"(3) Any failure to properly instruct in the use of a product."

1983. Defendant filed a third-party complaint against the lessee, seeking contribution.

The evidence showed that the cause of the crash was the failure of the sixth compressor disk in the number one engine. The parties agree that the disk had a useful safe life of 4,000 hours and that, at the time of the accident, it had been used for over 4,300 hours. In 1977, defendant provided plaintiff with a chart to aid in maintenance of the engine that indicated that the disk had a useful safe life of 6,000 hours. In 1978, defendant's technical representative, assigned by defendant to give plaintiff continuing assistance on helicopter operation, confirmed to plaintiff that the compressor disk could be operated for 6,000 hours. Plaintiff claimed that defendant was negligent in providing erroneous information, in failing to warn plaintiff that the 6,000-hour figure was erroneous and in failing to warn that the use of the helicopter beyond the 4,000-hour limit was dangerous.

The case was submitted to the jury only on plaintiff's negligence claim. The jury found all parties negligent and returned a verdict against defendant for $7,404,775 and against the lessee, as third party defendant, for $555,358.

Defendant appealed.[2] The Court of Appeals reversed, holding that the trial court erred in denying defendant's motion for summary judgment based upon the argument that plaintiff's claim was barred by ORS 30.905(1), which the Court of Appeals characterized as "the statute of ultimate repose for product liability actions."[3] *Erickson Air Crane Co. v.*

---

[2] Plaintiff cross-appealed, arguing that the trial court "erred in failing to permit the plaintiff to recover prejudgment interest" and "in failing to permit the plaintiff to recover consequential damages by way of excessive insurance premiums imposed." The Court of Appeals affirmed the trial court on the cross-appeal. In its petition for review before this court, plaintiff's prayer includes a request that this court "[a]ffirm the judgment of the Multnomah County Circuit Court, including an award for prejudgment interest." As noted in plaintiff's cross-appeal, the trial court did not award prejudgment interest. Plaintiff makes no mention or argument in support of prejudgment interest in the remainder of its petition. We decline to address this issue. *See* ORAP 10.15(2); *see also* ORAP 10.05(2) and (4).

[3] If subsection (2) of 30.905 is read literally, the effect would be to nullify the effect of subsection (1) of the same section. *See* n 1, *supra*. Because we conclude that ORS 30.905(1) is not applicable to the facts of this case, we express no opinion as to its scope or effect. *Compare Baird v. Electro Mart*, 47 Or App 565, 569-70, 615 P2d 335 (1980) (recognizing conflict between legislative intent and language of ORS 30.905(1) and (2)).

*United Tech. Corp.,* 79 Or App 659, 662, 720 P2d 389 (1986). The Court of Appeals reasoned that, because plaintiff brought this action against a manufacturer for failure to warn regarding a product and failure properly to instruct in the use of a product, this action was a "product liability civil action" as defined in ORS 30.900(2) and (3) and, therefore, was governed by ORS 30.900 to 30.925. *Id.* at 662. ORS 30.905(1) requires that such actions be commenced "not later than eight years after the date on which the product was first purchased for use or consumption." Thus, the Court of Appeals concluded that plaintiff's action was barred by ORS 30.905(1). The Court of Appeals necessarily assumed that ORS 30.905(1) applies regardless of whether the alleged failure to warn or instruct occurs at the time of purchase or at some later time.

■ We reverse the decision of the Court of Appeals. We hold that ORS 30.905 applies only to acts, omissions or conditions existing or occurring before or at the "date on which the product was first purchased for use or consumption." Acts or omissions occurring after that date are governed by the statute of ultimate repose of ORS 12.115.

ORS 30.905 was the result of a major 1977 lobbying effort by business and insurance organizations for reform of the common law of products liability. Vetri, *Legislative Codification of Strict Products Liability Law in Oregon,* 59 Or L Rev 363, 373-74 (1981); *see also* Minutes, House Committee on the Judiciary (April 18, 1977; May 5, 1977). The perceived problem was the high cost of liability insurance. Minutes, House Committee on the Judiciary (April 18, 1977; May 5, 1977). One of the legislative solutions was to fix a limited and predictable time period in which a manufacturer, distributor, seller or lessor would be exposed to a product liability civil action.

ORS 30.905 was introduced as section 7 of HB 3039. Section 7 originally provided that a consumer would have ten years from the date of manufacture to bring an action. Minutes, House Committee on the Judiciary 2 (May 5, 1977). Section 7 was described by one witness as an attempt "to change the effect of ORS 12.115 so that the statute would run ten years from the date of manufacture" rather than ten years from the alleged act or omission as provided by ORS 12.115. Minutes, House Committee on the Judiciary 2 (May 5, 1977)

(testimony of Roland Banks, representing wholesalers and distributors, outlining proposed amendments).

The products liability actions with which section 7 dealt resulted from acts or omissions occurring at the manufacturing stage; distributor and retailer liability resulted solely from being in the chain of commerce that resulted in the ultimate sale to the consumer. Minutes, House Committee on the Judiciary 2 (May 5, 1977); Tape recording, Joint Committee on Trade and Economic Development, June 21, 1977, Side I at 402. This had the undesirable effect of leaving those later in the distribution process potentially liable after the manufacturer had completed its ten-year exposure to liability. *Id.;* see *Johnson v. Star Machinery,* 270 Or 694, 530 P2d 53 (1974) (statute of ultimate repose for negligence actions applied to strict liability action). The legislature sought to fix a time period that would begin to run at the same time for all potential defendants and that would not leave parties later in the chain of commerce than the manufacturer exposed to liability longer than the manufacturer. Minutes, House Committee on the Judiciary 2 (May 5, 1977); Tape recording, Joint Committee on Trade and Economic Development, June 21, 1977, Side I at 402. The "date of manufacture" was to replace the date of the "acts or omissions complained of" — which assumedly had occurred at or before a party placed a product in the stream of commerce — for purposes of initiating the running of the time limitation.

However, various problems also existed with respect to the statute beginning to run from the date of manufacture, *e.g.,* the difficulty in determining this date for some products and the possibility that some products may be warehoused for a number of years. Minutes, House Committee on the Judiciary 5 (May 5, 1977) (testimony of Representative Gardner); Minutes, House Committee on the Judiciary 6 (May 16, 1977) (testimony of Representative Bugas). As a result, section 7 *was later amended in the House Judiciary Committee to pro*vide that the statute would begin to run from the date of the first purchase for use or consumption. Minutes, House Committee on the Judiciary 5, 12 (May 16, 1977). Thus the approach was that, although the acts or omissions of parties in the stream of commerce occurred at different times *before* the first consumer purchase, the limitations period for each such party would begin at the same time. Tape recording, Joint

Committee on Trade and Economic Development, June 21, 1977, Side I at 402.

At the same time, section 7 was amended to reduce the time required for ultimate repose from ten to eight years for at least two reasons. Minutes, House Committee on the Judiciary 12 (May 16, 1977). First, a witness representing manufacturing interests argued that a ten-year period would extend the period of potential liability for manufacturers because, under ORS 12.115, the period begins to run at the time of the act or omission, *i.e.,* the date of manufacture, while under the proposed bill the statute would not begin to run until the product was further along in the stream of commerce. *Id.* at 9. Secondly, various members of the House committee apparently believed that, if a ten-year period of repose were passed, the period to bring an action would be extended to as much as twelve years for defects existing at the time of the first consumer purchase if the general two-year tort statute of limitations were added. *Id.* at 8-10. The committee sought to limit the exposure of manufacturers, distributors, sellers and lessors to a product liability civil action to a maximum of ten years for such defects by limiting such a cause of action to injuries occurring within eight years of the first purchase for use or consumption and by giving the plaintiff two years to bring such an action after the date of the injury. *Id.; see also Baird v. Electro Mart,* 47 Or App 565, 569-70, 615 P2d 335 (1980) (recognizing conflict between legislative intent and language of ORS 30.905(1) and (2)).

In sum, the assumption throughout legislative consideration of and the rationale behind HB 3039 was that manufacturers, distributors, sellers and lessors should have the benefit of a limited and predictable time period during which they would be exposed to liability for defects that existed when the product left a respective party's hands. That time period, codified in ORS 30.905(1), was the result of a compromise by business and insurance organizations in that the act or omission of the manufacturer covered by ORS 30.900 to 30.925 occurs when the manufacturer makes the product, but the time limitation does not begin to run until the time of purchase. Minutes, House Committee on the Judiciary 9, 12 (May 16, 1977).

We conclude from the foregoing legislative history

that the legislature, in enacting ORS 30.905, contemplated placing limits only on a defendant's exposure to liability for acts or omissions taking place before or at the time that the defendant places a product in the stream of commerce. Nothing in ORS 30.905 or its legislative history indicates that the legislative intent was to allow a manufacturer to retreat to the date of "first purchase for use or consumption" and raise the defense of ORS 30.905 for negligent acts committed after the date of the first purchase for use or consumption. Indeed, in the final meeting of the House committee on this matter, Representative Richards asked whether "some service department failure that resulted in an accident * * * would be excluded because service isn't mentioned in [the definition section now codified in ORS 30.900]."[4] Representative Gardner answered that "that would be a classic negligence situation and it wouldn't fall under * * * products liability." Minutes, House Committee on the Judiciary 2 (May 27, 1977).

The difference between the present case and the type of case that the legislature meant to cover under ORS 30.905(1) is that, in this negligence case, the reasonableness of certain of defendant's actions *after* plaintiff's purchase are in question while, in a product liability case governed by ORS 30.905, it is the condition of the article at the date of purchase that is in question. *See Johnson v. Star Machinery, supra,* 270 Or at 707. We conclude that ORS 30.905 is not applicable and that ORS 12.110(1) and 12.115(1) are applicable. There is no dispute that plaintiff brought its action within the time limitations of these latter statutes.

The Court of Appeals is reversed; the decision of the trial court is affirmed.[5]

---

[4] ORS 30.900 is quoted in n 1, *supra.*

[5] Plaintiff also argued that (1) ORS 30.905 violates Article I, section 10, of the Oregon Constitution and the equal protection and due process provisions of the Fourteenth Amendment to the United States Constitution; (2) the Court of Appeals was mistaken as to the date of the sale of the helicopter engine and, thus, even under the Court of Appeals' interpretation of ORS 30.905, the action is not time barred; and (3) the Court of Appeals erred in reviewing the applicability of ORS 30.905 raised on defendant's motion for summary judgment as this was a mixed issue of law and fact. Because we hold for plaintiff on the issue of the applicability of ORS 30.905(1), we do not reach these issues.