Argued and submitted April 21, affirmed September 27, 1989

JAMISON,
*Appellant,*

*v.*

SPENCER R.V. CENTER, INC.,
*Respondent.*

(86-1-137; CA A48523)

779 P2d 1091

Craig O. West, Tualatin, argued the cause and filed the brief for appellant.

Thomas M. Christ, Portland, argued the cause for

respondent. With him on the brief was Mitchell, Lang & Smith, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Plaintiff appeals from a summary judgment for defendant. The trial court ruled that the product liability statute of ultimate repose, ORS 30.905(1), rather than ORS 12.115, applies to plaintiff's claim. We affirm.

On September 14, 1976, plaintiff and defendant entered into a contract for the sale of a travel trailer. The contract included the sale and installation of an Eaz-Lift trailer hitch on plaintiff's truck, with which plaintiff intended to tow the trailer. The hitch was installed on September 29, 1976, and plaintiff picked up the truck the next day. According to the stipulated facts, the installation of the hitch consisted of the assembly, including welding, of component parts of the hitch assembly. Plaintiff alleges that, as a result of defendant's negligence in installing the hitch, a weld failed in December, 1984, and plaintiff lost control of his truck and trailer resulting in an accident with two other vehicles and damage to both the truck and the trailer. The parties stipulated that the weld that allegedly failed was made during defendant's installation of the hitch.

The question is whether the alleged negligence describes a "product liability civil action," as defined in ORS 30.900. Under ORS 30.905(1), such actions are barred, unless the injury complained of occurred within eight years of the date when the product was first purchased for use or consumption. *Baird v. Electro Mart*, 47 Or App 565, 615 P2d 335 (1980). In this case, the purchase occurred in September, 1976, more than eight years before the alleged injury in December, 1984. If plaintiff's claim is a "product liability civil action," it is barred.

■ "Product liability civil action" is defined in ORS 30.900:

"[A] civil action brought against a manufacturer, distributor, *seller* or lessor of a product for damages for personal injury, death or property damage arising out of:

"(1) Any design, inspection, testing, manufacturing *or other defect* in a product[.]" (Emphasis supplied.)

Product liability "embraces *all* theories a plaintiff can adduce in an action based on a product defect," including theories of

negligence. *Marinelli v. Ford Motor Co.,* 72 Or App 268, 273, 696 P2d 1, *rev den* 299 Or 251 (1985). (Emphasis in original.)

■　　Plaintiff first argues that he has alleged negligent installation of a nondefective product, not a product *defect,* that that negligence does not fall within the definition of ORS 30.900 and that, therefore, the ten-year limitation in ORS 12.115 applies. Defendant argues that plaintiff has alleged that, during negligent assembly of component parts, defendant created a product defect under ORS 30.900, so that the eight-year limitation in ORS 30.905(1) applies.

Plaintiff relies on *Hoover v. Montgomery Ward,* 270 Or 498, 502, 528 P2d 76 (1974), where the defendant had sold and mounted tires on the plaintiff's owned vehicle. The plaintiff alleged that the defendant had failed to tighten the lug nuts when the tires were mounted. The issue was whether strict liability applied to the facts. The court determined that the plaintiff's allegations described the negligent installation of a nondefective product, so that strict liability did not apply:

> "[I]t was not a dangerously defective tire which caused plaintiff's injuries, but rather the installation of the wheel on the hub and axle of the auto. In such case it might be said that plaintiff's auto became dangerously defective, but certainly not the tire." 270 Or at 502-03.

Although the possibility of imposing strict liability is not at issue in this case, that discussion of the definition of product defect is helpful. Plaintiff's complaint in this case included these allegations:

> "Defendant was negligent in the installation of the trailer hitch and receiver installed onto Plaintiff's 1976 GMC pickup truck and 1976 Airstream Trailer in one or more of the following particulars:
>
> "(1)　in failing to weld the receiver end of the trailer hitch system on all four sides of the box section to give the hitch system a proper and effective load bearing capability under the circumstances;
>
> "(2)　in installing the stiffiner [*sic*] GTS bar with insufficient length to properly or effectively assist in the load bearing function of the hitch system;
>
> "(3)　in welding the sleeve to tube areas of the hitch system with side welds of inadequate and insufficient strength

and size to properly or effectively assist in the load bearing function of the hitch system;

"* * * * *

"As a result of Defendant's negligence, the trailer hitch and receiving member installed on Plaintiff's pickup was of less strength and durability than reasonable so that plaintiff's trailer hitch and receiving member became unwelded or bent * * * resulting in Plaintiff losing control [and causing the alleged damages]."

The complaint includes allegations that the seller was negligent in assembling the component parts: making inadequate welds between the receiver end and the box section of the hitch system, installing a GTS stiffener bar that was too short and insufficient strength and size of the welds between the sleeve and tube areas of the hitch system. Those allegations, if proved, would show that assembly and installation of the trailer hitch created a defect in the hitch, resulting in a defective product being sold to plaintiff.[1] Those facts are different from those in *Hoover,* in which the plaintiff alleged no defect in the product itself, the tire.

ORS 30.900 applies to an action brought against any seller for damages arising from a defect in a product. The complaint alleges a product liability civil action, and the eight-year limitation applies.

Plaintiff next argues that his claim is nevertheless not barred, because it is for negligence in "after-sale" service. In *Erickson Air-Crane Co. v. United Tech. Corp.,* 303 Or 281, 735 P2d 614 (1987), more than eight years after the sale of the product, the seller-manufacturer gave negligent instructions about how long a helicopter part would last. The allegations of negligence were held not to describe a product liability claim. The court pointed out that the legislature did not intend that the product liability statutes apply to "some service department failure that resulted in an accident." 303 Or at 289.

■■ Plaintiff argues that, because the sales contract was

---

[1] We do not distinguish defects created in the assembly of the trailer hitch from those made in the installation. The Eaz-Lift "instructional guide," included in the summary judgment record, required the installer to customize each installation to the make and model of each car. The seller's role in assembling the hitch is comparable to that of a manufacturer.

signed on September 14, but the work was not completed until September 29, the alleged negligence occurred after the sale. In *Erickson Air-Crane Co.,* the Supreme Court stated that ORS 30.905 applies to "acts or omissions taking place before or at the time that the defendant places a product in the stream of commerce." 303 Or at 289. For a seller, that time does not begin until the product leaves the seller's hands, regardless of the date of the sale contract. Plaintiff has not alleged that he used the trailer hitch before it was assembled and installed on his truck. All of the alleged negligence occurred *before* the hitch was put into the stream of commerce on September 30. That was not after-sale service. Plaintiff has alleged that defendant sold him a defective product.

Affirmed.