Argued and submitted March 14, decision of Court of Appeals reversed and case remanded to Court of Appeals July 18, 2002

Dennis KAMBURY,
Personal Representative of the
Estate of Amy Beth Kambury,
*Respondent on Review,*

*v.*

DAIMLERCHRYSLER CORPORATION,
a Delaware corporation,
and Northwest Jeep Eagle, Inc.,
an Oregon corporation,
*Petitioners on Review,*

*and*

DAIMLERCHRYSLER MOTORS CORPORATION,
Chrysler Corporation,
Chrysler Motors Corporation
and DaimlerChrysler AG,
*Defendants.*

(CC 9812-08378; CA A107705; SC S48459)

50 P3d 1163

Peter R. Chamberlain, of Bodyfelt Mount Stroup & Chamberlain, Portland, argued the cause and filed the briefs for petitioner on review DaimlerChrysler Corporation. With him on the briefs was Roger K. Stroup. John H. Holmes, of Holmes & Rickles, Portland, appeared on the petition for review for petitioner Northwest Jeep Eagle, Inc.

Robert K. Udziela, of the Law Office of Robert K. Udziela, Portland, argued the cause and filed the briefs for respondent on review.

Meagan A. Flynn, of Preston Bunnell & Stone, LLP, Portland, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

DE MUNIZ, J.

.

**DE MUNIZ, J.**

This case requires this court to determine which limitations period applies in a civil action seeking damages for the death of a person killed by a defective product. The trial court examined the statute specifying a three-year limitation period for wrongful death actions and the statute providing for a two-year limitation period for product liability actions, and concluded that the two-year period applied. The Court of Appeals analyzed the same statutes and concluded that the three-year period applied. *Kambury v. DaimlerChrysler Corp.*, 173 Or App 372, 21 P3d 1089 (2001). We conclude that the Court of Appeals erred. Accordingly, we reverse and remand for further proceedings.

On December 6, 1995, Amy Kambury died when the airbag in her car deployed. Nearly three years later, on December 1, 1998, the personal representative of her estate (hereinafter plaintiff) filed an action alleging product liability, negligence, and breach-of-warranty claims. Arguing that the two-year statute of limitations for product liability claims, ORS 30.905(2), barred all plaintiff's claims, defendants moved for summary judgment. The trial court granted that motion. Plaintiff then filed an amended complaint alleging product liability, negligence, breach of warranty, negligent misrepresentation, and intentional misrepresentation. Maintaining that the amended complaint was a recharacterization of plaintiff's untimely product liability claims, defendants again moved for summary judgment, arguing that the two-year statute of limitations under ORS 30.905(2) applied to each of those claims. The trial court again granted summary judgment.

On appeal, plaintiff argued that the trial court erred in granting defendants' motions for summary judgment. After a lengthy analysis, the Court of Appeals reversed the trial court judgment. The Court of Appeals held that the three-year limitation period set out in ORS 30.020 applied to plaintiff's product liability claim and remanded the matter for further proceedings.[1] *Kambury*, 173 Or App at 375-83.

---

[1] Remand to the trial court was appropriate after deciding that single issue, despite the existence of the other claims, because the trial court had concluded that

This court allowed review to determine which limitation period applies to a product liability claim alleging that a defective product caused a person's death.

ORS 30.900, Oregon's product liability statute provides, in part:

"As used in ORS 30.900 to 30.920, 'product liability civil action' means a civil action brought against a manufacturer, distributor, seller or lessor of a product for damages for personal injury, *death* or property damage arising out of:

"(1) Any design, inspection, testing, manufacturing or other defect in a product;

"(2) Any failure to warn regarding a product; or

"(3) Any failure to properly instruct in the use of a product."

(Emphasis added.) Thus, ORS 30.900 provides for a civil action for death arising out of product design defects, failure to warn regarding a product, or failure to instruct regarding use of a product.

The legislature annexed a limitation period of two years to the statute that created that product liability civil action. ORS 30.905(2) provides:

"Except as provided in ORS 30.907 and 30.908(1) to (4) [inapplicable here], a product liability civil action shall be commenced not later than two years after the date on which the *death*, injury or damage complained of occurs."

(Emphasis added.)

The first claim of plaintiff's amended complaint alleges that defendant failed to warn of an unsafe product. *See* ORS 30.900 (product liability civil action is civil action brought against manufacturer or seller, arising out of "[a]ny failure to warn regarding a product"). The limitation period set out in ORS 30.905(2) appears to govern that claim.

---

the two-year statute of limitations for product liability actions applied to all plaintiff's claims. Reversal on that single ground thus was sufficient to undermine the entire judgment below.

Plaintiff argues, however, that the generally applicable wrongful death statute, ORS 30.020, defines the limitation period of the claim. ORS 30.020 provides, in part:

"(1) When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent * * * may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within three years after the injury causing the death of the decedent is discovered or reasonably should have been discovered by the decedent, by the personal representative or by a person for whose benefit the action may be brought under this section if that person is not the wrongdoer. In no case may an action be commenced later than the earliest of:

"(a) Three years after the death of the decedent[.]

Plaintiff maintains that the two statutes—one setting out a limitations period of two years and one setting out a limitations period of three years—are in conflict and that the conflict should be resolved in favor of the application of the three-year period set out in ORS 30.020.

In support of that argument, plaintiff contends that *Eldridge v. Eastmoreland General Hospital*, 307 Or 500, 769 P2d 775 (1989), and *Western Helicopter Services v. Rogerson Aircraft*, 311 Or 361, 811 P2d 627 (1991), suggest that the three-year limitation period set out in ORS 30.020 control all wrongful death actions, including those pleaded under ORS 30.900. We disagree.

In *Eldridge*, which was not a product liability case, the issue was whether a discovery rule applied to wrongful death actions. In *Western Helicopter*, a federal district court, pursuant to Oregon's certification statute, ORS 28.200 to ORS 28.255, requested that this court answer the same question posed in this case, namely, whether the three-year limitation period, rather than the two-year limitation period, applied to a wrongful death claim premised on a theory of product liability. Under the statutory criteria for exercising this court's discretion to answer certified questions, one consideration is that "it appears to the certifying court that there

is no controlling precedent in the decisions of the Supreme Court and the intermediate appellate courts of this state." ORS 28.200. This court concluded that a Court of Appeals' opinion, *Korbut v. Eastman Kodak Co.*, 100 Or App 649, 787 P2d 896 (1990), was "controlling precedent" under that statutory criterion, because *Korbut* was a decision of the Court of Appeals. *Western Helicopter*, 311 Or at 374. In so holding, this court specifically declined to address the question on the merits, observing that "[c]ertification is not a vehicle in Oregon for obtaining a Supreme Court decision on a question of law that already has been decided by the Court of Appeals." *Id.* at 365. This court stated only that "[w]e have left development of the law in this regard to the Court of Appeals and see no reason to depart from that course now." *Id.* at 374.[2] *Western Helicopter* thus did nothing more than acknowledge that the Court of Appeals, correctly or incorrectly, had addressed the issue. That acknowledgment does not bind this court when it decides to resolve the issue at a later time. For the foregoing reasons, we conclude that *Eldridge* does not assist our analysis and *Western Helicopter* is not dispositive. Therefore, we return to the statutes.

■■    Because ORS 30.020 and ORS 30.900 both provide recovery for death, either statute, along with its attendant limitation period, could be applicable to an action seeking recovery for death. Because the limitation periods are different, we must determine which statute, and therefore which corresponding limitation period, the legislature intended to apply to wrongful death actions based on product liability. To resolve the apparent statutory conflict, we apply the statutory construction methodology established in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). Under that methodology, we first look to the text of

---

[2] The court explained elsewhere in the opinion:

"Where the controlling precedent is an opinion of the Court of Appeals, we shall review the request for certification in much the same way we would review a petition for review of the Court of Appeals decision. In those cases in which this court probably would allow review of the Court of Appeals decision, we likewise will accept certification."

*Id.* at 367. In fact, this court already had denied review in *Korbut.* 310 Or 70, 792 P2d 104 (1990).

the statute, in its context, because the best evidence of legislative intent is the text of the statute itself. If the intent is clear from the text and context, further analysis is unnecessary. *Id.* As part of the first level of a *PGE* analysis, we adhere to the rule of statutory construction that a specific statute controls over a general statute. *See* ORS 174.020(2) ("When a general and particular provision are inconsistent, the latter is paramount to the former so that a particular intent controls a general intent that is inconsistent with the particular intent."); *PGE*, 317 Or at 611 (explaining use of canons of construction in first-level analysis).

Consistent with the above mentioned rule of construction, this court explained in *State v. Guzek*, 322 Or 245, 268, 906 P2d 272 (1995), that "when one statute deals with a subject in general terms and another deals with the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, while giving effect to a consistent legislative policy." *See also State ex rel Juv. Dept. v. M.T.*, 321 Or 419, 426, 899 P2d 1192 (1995) ("When a general statute and a specific statute both purport to control an area of law, this court considers the specific statute to take precedence over an inconsistent general statute related to the same subject.").

ORS 30.020 authorizes recovery for death if the decedent could have brought an action had the decedent survived, "for an injury done *by the same act or omission.*" (Emphasis added.) The statute does not confine the emphasized phrase to a particular source of injury.

■■ However, in ORS 30.900 the legislature created a remedy for death caused by a particular source, specifically *product defects*, and provided a two-year period of limitations for those claims. In doing so, the legislature has dealt with wrongful death actions based on product liability in a "more minute and definite way[.]" *Guzek*, 322 Or at 268. As a result, the product liability statute of limitations is the more specific statute and must control over the more general wrongful death statute of limitations. Accordingly, the two-year product liability limitation period set out in ORS 30.905(2) governs plaintiff's claim for death from a product defect.

Plaintiff requests that, if this court decides that the two-year limitations period applies to the product liability

action in this case, then the court should apply that rule prospectively only. Plaintiff maintains that he reasonably relied on statements in this court's prior case law supporting a three-year limitations period and that applying a new rule would work an inequitable result in this case. In *Peterson v. Temple*, 323 Or 322, 918 P2d 413 (1996), this court announced a new rule that required mandatory joinder of claims for personal injury and for property damage arising from a particular set of facts. Previously, this court specifically had stated that Oregon law permitted a plaintiff to split claims and sue separately on personal injury and property claims. *Gaul v. Tourtellotte*, 260 Or 14, 17, 488 P2d 416 (1971); *Winters v. Bisaillon*, 153 Or 509, 512, 57 P2d 1095 (1936). This court concluded in *Peterson* that the plaintiff reasonably relied on this court's prior statements that claim-splitting was permissible and, therefore, relieved the plaintiff from the application of the new rule. *Peterson*, 323 Or at 333-34.

In this instance, by contrast, this court had made no definitive statements that the three-year wrongful death limitation period trumped the two-year limitation period for product liability civil actions. As previously noted, *Eldridge* was not a product liability case and *Western Helicopter* declined to address the issue. Plaintiff could not reasonably rely on this court's silence, particularly when the product liability civil action statute on which plaintiff relies explicitly specifies a two-year limitations period for death arising from product defects. Accordingly, we decline to limit our decision to prospective application only.[3]

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for further proceedings.

---

[3] In the Court of Appeals, plaintiff presented other arguments, including an argument that the two-year limitations period of ORS 30.905(2) does not apply to plaintiff's claims for negligence, breach of warranty, negligent misrepresentation, and intentional misrepresentation. The Court of Appeals did not have to reach plaintiff's other arguments under its resolution of the case. In light of our decision to reverse the decision of the Court of Appeals, that court must now consider plaintiff's other arguments.