Submitted on remand from the Oregon Supreme Court October 16, 2002, affirmed January 8, 2003

Dennis KAMBURY,
Personal Representative of the
Estate of Amy Beth Kambury,
*Appellant,*

*v.*

DAIMLERCHRYSLER CORPORATION,
a Delaware corporation;
and Northwest Eagle, Inc.,
an Oregon corporation,
*Respondents,*

*and*

DAIMLERCHRYSLER MOTORS CORPORATION;
Chrysler Corporation;
Chrysler Motors Corporation;
and DaimlerChrysler Ag,
*Defendants.*

981208378; A107705

60 P3d 1103

Robert K. Udziela and Lawrence Baron for appellant.

Roger K. Stroup and Bodyfelt Mount Stroup & Chamberlain for respondents.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

KISTLER, J.

**KISTLER, J.**

In *Kambury v. DaimlerChrysler Corp.*, 334 Or 367, 374, 50 P3d 1163 (2002), the Supreme Court held that, when a defective product causes a person's death, the two-year statute of limitations for product liability actions rather than the three-year statute for wrongful death actions applies to a product liability claim. The court remanded the case to us to decide which statute of limitations applies to plaintiff's other claims for relief in this action. *Id.* at 375. We hold that the two-year statute of limitations for product liability civil actions applies to those claims and accordingly affirm the trial court's judgment.

On December 6, 1995, Amy Kambury died after the airbag in her Jeep deployed during an accident and struck her in the abdomen, causing irreversible blood loss. Slightly less than three years later, on December 1, 1998, the personal representative of her estate filed a wrongful death action against defendants. In the amended complaint, plaintiff alleged claims for product liability, negligence, breach of warranty, intentional misrepresentation, and negligent misrepresentation. Defendants moved for summary judgment on the ground that, taking the allegations in the amended complaint as true, the two-year statute of limitations for product liability claims barred all of plaintiff's claims for relief. *See* ORS 30.905(2). Plaintiff responded that the action was timely under the three-year statute of limitations for wrongful death actions. ORS 30.020(1). The trial court ruled that the two-year statute of limitations applied to all plaintiff's claims and granted defendants' motion.

We reversed the trial court, holding that the three-year statute for wrongful death actions rather than the two-year statute of limitations for product liability actions applies when a defective product causes a person's death. *Kambury v. DaimlerChrysler Corp.*, 173 Or App 372, 21 P3d 1089 (2001), *rev'd*, 334 Or 367, 50 P3d 1163 (2002). After the Supreme Court held that the two-year statute of limitations in ORS 30.905(2) applied to plaintiff's product liability claim, it remanded the case to us to decide whether that statute of

limitations also applies to plaintiff's other claims for relief. *See Kambury*, 334 Or at 375 n 3.

We begin with the terms of ORS 30.905(2). *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). That statute provides:

> "Except as provided in ORS 30.907 and 30.908(1) to (4), a product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."

ORS 30.905(2). ORS 30.900 defines a "product liability civil action" as:

> "[A] civil action brought against a manufacturer, distributor, seller or lessor of a product for damages for personal injury, death or property damage arising out of:
>
> "(1)   Any design, inspection, testing, manufacturing or other defect in a product;
>
> "(2)   Any failure to warn regarding a product; or
>
> "(3)   Any failure to properly instruct in the use of a product."

The issue on remand reduces to the question whether plaintiff's claims for negligence, breach of warranty, intentional misrepresentation, and negligent misrepresentation are "product liability civil actions" within the meaning of ORS 30.900. If they are, the two-year statute of limitations set out in ORS 30.905(2) applies.

■        In analyzing that issue, we note that plaintiff's claims divide into two classes—those claims that arose before decedent bought the Jeep and those that arose after the purchase. *See Erickson Air-Crane Co. v. United Tech. Corp.*, 303 Or 281, 289, 735 P2d 614, *on recons*, 303 Or 452, 736 P2d 1023 (1987) (drawing that distinction). As to the first class of claims, we conclude that each of those claims is a product liability civil action within the meaning of ORS 30.900. According to the allegations in the amended complaint, each claim was brought against the manufacturer or seller of a product for damages for a death that allegedly arose out of a defect in a product, a failure to warn regarding the product, or a failure to instruct the decedent in the product's use.

Not only does that conclusion follow from the plain language of the statute, *see PGE*, 317 Or at 610-11, but it also follows from our cases. In *Marinelli v. Ford Motor Co.*, 72 Or App 268, 696 P2d 1, *rev den*, 299 Or 251 (1985), the plaintiff stated claims for strict liability and negligence based on a defective product. The defendants claimed, and the trial court agreed, that the action was barred by ORS 30.905(1), the subsection that sets out the period of ultimate repose for product liability actions. On appeal, the plaintiff argued that, even if the strict liability claim were barred, ORS 30.905(1) did not apply to his negligence claim. We rejected that argument, agreeing with the defendant that the term "product liability civil action," as defined by ORS 30.900, embraces all theories a plaintiff can claim in an action based on a product defect. *Id.* at 273. We noted that nothing in the language of ORS 30.900 suggested that the statute was intended to apply to defects that give rise to strict liability but not to defects or failures that result from negligence. *Id.; see also Jamison v. Spencer R.V. Center, Inc.*, 98 Or App 529, 779 P2d 1091 (1989) (reaching the same conclusion).[1]

The Ninth Circuit, construing Oregon's product liability statutes, has reached a similar conclusion. For instance, in *Philpott v. A.H. Robins Co., Inc.*, 710 F2d 1422 (9th Cir 1983), the plaintiff brought a suit for negligence, strict liability, breach of warranty, and fraudulent misrepresentation. The district court held that all her actions were time barred by the two-year limitation in ORS 30.905(2). On appeal, the plaintiff argued that the court erred in holding that the statute applied to all her claims, including her intentional torts. The Ninth Circuit held that "the broad language of ORS 30.900 [defining product civil liability action] can reasonably be construed as encompassing all Philpott's product related claims." *Id.* at 1424. Similarly, in *Bancorp*

---

[1] Plaintiff argues that those cases are inapposite because they address the statute of ultimate repose in ORS 30.905(1) rather than the statute of limitations in ORS 30.905(2). Both subsections, however, apply only to "product liability civil action[s]." The statute of limitations defines the period within which a "product liability civil action" may be brought, ORS 30.905(2), and the statute of ultimate repose defines the period beyond which no "product liability civil action" may be brought, ORS 30.905(1). The holding that the claims in *Marinelli* and *Jamison* were product liability civil actions subject to the statute of ultimate repose applies with full force to plaintiff's claims here.

*Leasing & Fin. Corp. v. Augusta Aviation*, 813 F2d 272, 277 (9th Cir 1987), the Ninth Circuit held that the plaintiff's claims for strict liability, negligence, and breach of warranty were all encompassed within the two-year statute of limitations provided for by ORS 30.905(2). Although a federal court's interpretation of a state statute is not binding on us, we agree with the Ninth Circuit's reasoning in this regard.[2] The terms of ORS 30.900, as interpreted by the case law, make clear that all of plaintiff's claims that arose either before or on the date that decedent purchased defendants' car are subject to and barred by the two-year statute of limitations for product liability civil actions. *See* ORS 30.905(2).

■     We turn to plaintiff's claims that arose after decedent purchased the car. In the amended complaint, plaintiff alleged:

"In addition to the foregoing [specifications of negligence], Defendants were negligent in failing to provide adequate warnings. This failure occurred both at the time [decedent] purchased the subject vehicle and thereafter on a continuing basis up to and including the date of [decedent's] death. Specifically, Defendants were negligent in one or more of the following particulars:

"a)   In failing to warn [decedent] that the driver's side air bag posed a risk of serious injury or death to a properly belted driver seated close to the air bag module.

"b)   In failing to warn occupants to position the seat as far back as possible from the steering wheel.

"c)   In failing to effectively warn occupants to avoid sitting in close proximity to the steering module by placing warnings on the sun visor, utilizing video demonstrations, an/or utilizing warning lights.

"d)   In failing to warn occupants of the size and speed of the deploying driver's air bag."[3]

---

[2] We have previously relied on the Ninth Circuit's reasoning in this regard. *See Marinelli*, 72 Or App at 273 (citing *Philpott* with approval).

[3] The amended complaint includes a similar allegation in the first claim for relief.

Relying on *Erickson Air-Crane Co.*, 303 Or at 289, plaintiff argues that the claim that defendants failed to warn decedent after she purchased the car is not a product liability civil action within the meaning of ORS 30.900. It follows, plaintiff reasons, that that aspect of the negligence claim is not subject to the statute of limitations set out in ORS 30.905 but is instead subject to the three-year statute of limitations for wrongful death actions.

Two Supreme Court cases bear on our resolution of this issue. In *Erickson Air-Crane Co.*, the plaintiff brought a negligence action against a helicopter manufacturer more than 10 years after it purchased the helicopter. 303 Or at 284-85. Six years after it bought the helicopter, the defendant's representatives told the plaintiff that a compressor disk had a useful safe life of 6,000 hours, when the useful safe life was actually 4,000 hours. *Id.* at 285. The compressor disk failed after the helicopter had been used 4,300 hours, causing the helicopter to crash. One person was killed and another injured, and the plaintiff filed an action, alleging that the defendant had been negligent in "providing erroneous information, in failing to warn [the] plaintiff that the 6,000-hour figure was erroneous and in failing to warn that the use of the helicopter beyond the 4,000-hour limit was dangerous." *Id.*

The defendant moved for summary judgment, arguing that the claim was barred by ORS 30.905(1) because the plaintiff's claim was a product liability civil action within the meaning of ORS 30.900. *Erickson Air-Crane Co.*, 303 Or at 285-86. We agreed with the defendant, reasoning that the defendant's alleged failure to warn brought the plaintiff's negligence claim within the scope of ORS 30.905. *Id.* at 286. The Supreme Court reversed. It "h[e]ld that ORS 30.905 applies only to acts, omissions or conditions existing or occurring before or at the 'date on which the product was first purchased for use or consumption.'" *Id.* It reasoned that the plaintiff's negligence claim, which arose out of acts that occurred after the date that the plaintiff had purchased the product, was governed by ORS 12.110(1) and ORS 12.115(1), the statutes of limitation and ultimate repose that ordinarily apply to negligence actions. *Id.* at 289.

Three years later, in *Sealey v. Hicks*, 309 Or 387, 788 P2d 435, *cert den*, 498 US 819 (1990), *partially overruled on other grounds by Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 123, 23 P3d 333 (2001), the Supreme Court returned to the question. The plaintiff in *Sealey* argued that, because he had alleged a continuing failure to warn, his claim was not subject to the statute of ultimate repose set out in ORS 30.905(1). The court did not reach the question whether "a properly pleaded continuing failure to warn would actually state a cause of action independent of the statutory product liability claim." *Sealey*, 309 Or at 399 n 14. It held instead that the plaintiff had not properly pleaded a continuing failure to warn. *Id.* at 399. The plaintiff had alleged that the defendant had been negligent "[i]n failing to give adequate warning of the vehicle's dangerous propensity to roll over at low speeds." *Id.* Given that allegation, the court explained:

> "The only reasonable reading of these allegations is that they refer to an initial failure to warn prior to the first sale of the vehicle; they cannot also be read to include a failure to warn at some later date after the product's defect was discovered."

*Id.*

Reading *Sealey* and *Erickson* together, we hold that "[a]n initial failure to warn prior to the first sale of the [product]" that merely continues after the date of the sale is not sufficient to state a claim independently of ORS 30.900. *See Sealey*, 309 Or at 399. At a minimum, the complaint must allege "a failure to warn at some later date after the product's defect was discovered,"[4] *id.*, or some other negligent act that occurs after the date of purchase, *Erickson*, 303 Or at 289. In this case, the amended complaint does not allege that defendants discovered a defect after the decedent purchased the car but failed to warn her of that defect, nor does it allege, as the complaint did in *Erickson*, that some other negligent act occurred after the product was sold. Rather, the complaint alleges only that defendants failed to warn decedent before she bought the car and that that initial failure continued

---

[4] As the court did in *Sealey*, we express no opinion as to whether "a properly pleaded failure to warn would actually state a cause of action independent of the statutory product liability claim." 309 Or at 399 n 14.

until the date of her death.[5] Following *Sealey*, we hold that that allegation is insufficient to avoid ORS 30.905 and accordingly affirm the trial court's judgment.

Affirmed.

---

[5] Although plaintiff refers to factual assertions that his attorney made during argument before the trial court, in the procedural posture of this case, we are limited to the facts alleged in the pleadings and the reasonable inferences that can be drawn from those factual allegations.